UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ARTHUR SASSMAN, II,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES, et al.,<br><br>Defendants. | No. 2:19-cv-00443-MCE-KJN PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, who proceeds without counsel, commenced this action on March 13, 2019, and paid the filing fee.[1] (ECF No. 1.) Presently pending before the court are several motions to dismiss by defendants. (<u>See</u> ECF Nos. 6, 8, 10, 12, 14, 15, 19, 27.) Plaintiff opposed defendants' motions and defendants replied. (ECF Nos. 21-25, 29, 31, 33-36, 39-43.) The court held a hearing on these motions on May 23, 2019, at 10:00 a.m.[2] At the hearing, plaintiff William Arthur Sassman, II appeared on his own behalf. Shannon Knorr appeared on behalf of Dena Bez; Gregory Gomez appeared on behalf of Margaret B. Walton; and Shahid Manzoor appeared on

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] On the same day as the hearing, defendants County of Sacramento, Lenora Starr-Jerrell, and Jessica Foster filed a motion to quash. (ECF No. 45.)

1

behalf of the the Manzoor Law Firm, Inc. Appearing telephonically were James Chang on behalf of the State Bar of California; Amie McTavish on behalf of the Department of Child Support Services, David Kilgore, Sacramento County Superior Court, Commissioner Scott Harman, Kathleen S. Amos, and Isaac L. Fisher; and Nicholas Kloeppel on behalf of Chris Doehle and Chezaree Vanlandingham.

After carefully considering the parties' briefing, the oral argument at the hearing, and the applicable law, the court recommends that defendants' motions to dismiss be GRANTED; plaintiff's complaint be DISMISSED WITH PREJUDICE as to all defendants; and the case be closed.

I.  BACKGROUND

Plaintiff seeks to bring claims pursuant to 42 U.S.C. § 1983 for alleged violations of his rights under the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments. (ECF No. 1 at 8.) Plaintiff names several entities and individuals as defendants: the Department of Child Support Services; David Kilgore; Commissioner Scott Harman; Judge K. Amos; Judge L. Fisher; Sacramento County Superior/Family Court; child support attorney Jessica Foster; child support attorney Chris Doehle; case worker Chezaree Vanlandingham; case worker Lynn Starr; the California State Bar; the Manzoor Law Firm, Inc.; the Bez Law Firm, P.C.; Dena Bez; and the Law Offices of Margaret B. Walton. (Id. at 2-7.)

The gravamen of plaintiff's complaint is that the Department of Child Support Services and Sacramento County Superior Court "hid a separate child support contract in [plaintiff's] divorce contract without disclosure." (ECF No. 1 at 9.) Plaintiff asserts that "[f]ull disclosure was never explained when applying for a marriage license and the ramifications of that child support is voluntary and not a part of the US constitution." (Id. at 8.)

Plaintiff seeks a letter of apology from each defendant; removal of negative reporting to all credit bureaus; a refund of child support payments; monetary damages; and punitive damages. (ECF No. 1 at 10.)

Motions to dismiss have been filed by the State Bar of California (ECF No. 6); the Manzoor Law Firm, Inc. (ECF Nos. 8, 10); Margaret B. Walton (ECF No. 12); Dena Bez (ECF

2

No. 14); the Department of Child Support Services and Department of Child Support Services Director David Kilgore (ECF No. 15); Sacramento County Superior Court, Commissioner Scott Harman, Kathleen S. Amos, and Isaac L. Fisher (ECF No. 19); and Chris Doehle and Chezaree Vanlandingham (ECF No. 27).[3]

II. LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a *pro se* pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police

---

[3] The motion to dismiss by defendants Chris Doehle and Chezaree Vanlandingham is currently scheduled for a hearing before the undersigned on June 6, 2019. (See ECF Nos. 27, 30.)

1  Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe *pro se* filings liberally even when evaluating them under the standard announced in Iqbal).

In ruling on a motion to dismiss filed pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted). Although the court may not consider a memorandum in opposition to a defendant's motion to dismiss to determine the propriety of a Rule 12(b)(6) motion, see Schneider v. Cal. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), it may consider allegations raised in opposition papers in deciding whether to grant leave to amend, see, e.g., Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

III. DISCUSSION

    A. Pending Motions to Dismiss

Defendants move to dismiss the complaint based on several legal theories. (See ECF Nos. 6, 8, 10, 12, 14, 15, 19, 27.) Defendants' arguments are generally persuasive, whereas plaintiff's arguments in opposition, are largely off-the-mark and nonsensical. For example, plaintiff writes

> Where did any of the attorneys in this case provide a lawful defense that was not already in contract with the court and the child support agency? Where did the actors in office denounce[] their oaths to the Britain temple B.A.R. (British Accreditation Registry) and held true to their oaths of office? . . .
>
> When did we as a people agree that the B.A.R. (British Accreditation Registry) associates have the right to operate in procedure and not law? . . . The job of a judge is to uphold the law, not procedure. . . .
>
> I DEMAND IN WRITING THAT THE LAW (**NOT PROCEDURE NOT ORDINANCE NOT CODE BUT LAW**) WILL ALLOW AND EMPOWER ANYONE TO DISMISS THIS CASE AND DENY MY DAY IN COURT TO BE HEARD TO HAVE A VOICE OF CLAIM & INJURY FROM AN EVIL ENTERPRISE DESIGNED TO KILL STEAL AND DESTROY I DEMAND ALL OATHS OF OFFICE BE UPHELD AND MY CONSTITUTIONAL LAWFUL RIGHTS TO BE UPHELD.

(ECF No. 23 at 2-3 (emphasis in original)).[4]

Even assuming, without deciding, that plaintiff could surmount several other significant hurdles to his claims—e.g., demonstrating state action under section 1983 as to all defendants and defeating bars to suit based on the Eleventh Amendment and absolute judicial immunity—plaintiff's complaint is nonetheless subject to dismissal.

First of all, the complaint fails to state a short and plain statement of any claim that is plausible on its face, demonstrating that plaintiff is entitled to relief. See Fed. R. Civ. P. 8(a)(2). The complaint is conclusory and vague. Plaintiff's constitutional rights were purportedly violated when defendants "hid a separate child support contract in [plaintiff's] divorce contract without disclosure." (ECF No. 1 at 9.) Yet, the complaint does not describe in any detail how this "contract" was hidden from plaintiff, or even what plaintiff has been ordered to pay, and how this violates plaintiff's constitutional rights.

Thus, the complaint does not include sufficient factual allegations to allow the court to draw a reasonable inference that defendants have violated plaintiff's constitutional rights, under any cognizable theory. See Iqbal, 556 U.S. at 678.

More fundamentally, however, the dispute here is not properly bought in federal court. Plaintiff's complaint centers around a challenge to child support payments ordered by the state court. The Supreme Court has held that the "domestic relations" exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992).

---

[4] The court notes that the State Bar of California is not affiliated with the "British Accreditation Registry." The use of the term "bar" for a group of licensed attorneys in a certain area derives from the physical bar that separates attorneys from spectators in court rooms. See Bar, BLACK'S LAW DICTIONARY (9th ed. 2009) ("1. In a courtroom, the railing that separates the front area, where court business is conducted, from the back area, which provides seats for observers . . . 2. The whole body of lawyers qualified to practice in a given court or jurisdiction . . .").

Moreover, courts and judges are bound by the rule of law, which includes certain rules of procedure. For example, the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district court, except as stated in Rule 81." Fed. R. Civ. P. 1 Similarly, actions in this court are also governed by the Local Rules for the United States District Court, Eastern District of California. See E.D. Cal. L.R. 100(a).

Accordingly, it would be inappropriate for a federal court to interfere in a pending family law matter. See Coats v. Woods, 819 F.2d 236, 237 (9th Cir. 1987) (no abuse of discretion in district court's abstention from hearing § 1983 claims arising from a child custody dispute pending in state court). Indeed, family law disputes over child support are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, which often involve continued judicial supervision by the state. See Coats, 819 F.2d at 237. If plaintiff believes that the superior court judge's orders were erroneous, the proper recourse is to appeal those orders in the state appellate courts—not to file a new action in federal court.

Furthermore, at the hearing in this matter, the undersigned explained the court's lack of jurisdiction over family law matters and afforded plaintiff an opportunity to explain why he should be granted leave to amend. However, plaintiff did not offer any alternative basis for his suit. As a result, further leave to amend would be futile.

### B. Nonmoving Defendants

"A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared"); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Here, all defendants are similarly situated and all of plaintiff's claims are integrally related, as the entire complaint pertains to the same dispute over child support. (See generally ECF No. 1.) Therefore, dismissal is appropriate as to all defendants.

IV. CONCLUSION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motions to dismiss (ECF Nos. 6, 8, 10, 12, 14, 15, 19, 27) be GRANTED.
2. Defendants' motion to quash (ECF No. 45) be DENIED AS MOOT.
3. Plaintiff's complaint be DISMISSED WITH PREJUDICE as to all defendants.
4. The Clerk of Court be ordered to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that:

1. All hearings set in this matter (see ECF Nos. 4, 30, 45) are VACATED.
2. All pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: May 29, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE